# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BLANCHE COLUMBUS,
     Appellant,

   v.

UNITED STATES POSTAL SERVICE,
     Agency.

DOCKET NUMBER
DA-0353-12-0406-C-1

DATE: October 10, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kathy Smith</u>, De Soto, Texas, for the appellant.

<u>Charles E. Booth</u>, Esquire, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1   The appellant has filed a petition for review of the initial decision, which denied her petition for enforcement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2　　In its final order resolving the merits appeal, the Board affirmed the administrative judge's finding that the agency arbitrarily and capriciously denied the appellant restoration to employment as an employee who had partially recovered from a compensable injury by failing to conduct a search for work within the appellant's medical restrictions within her local commuting area. *Columbus v. U.S. Postal Service*, MSPB Docket No. DA-0353-12-0406-I-1, Final Order (July 11, 2013). This final order acknowledged the appellant's request for restoration to duty and back pay, but stated that the proper remedy was to order the agency to conduct an appropriate search and consider the appellant for any suitable work. *Id.* at 3. It ordered the agency to conduct such a search retroactive to April 26, 2012, and stated that the agency would be required to provide the appellant with back pay and associated benefits if the search uncovered available work to which it could have restored the appellant. *Id.* at 4.

¶3　　In her petition for enforcement, the appellant claimed that the agency had failed to reinstate her to available work and requested back pay and other

benefits. Compliance File (CF), Tab 1. The agency presented evidence that it offered the appellant a modified position on May 17, 2013 (prior to the Board's final order), which she accepted. CF, Tab 3 at 5-6, 97. It explained that it therefore conducted a two-part search: from the period from April 26, 2012, through May 17, 2013; and from May 17, 2013, onward for work in addition to the 4 hours of the modified assignment she accepted at that time. *Id.* at 6. The agency submitted copies of emails it had sent on July 24, 2013, to supervisors at all facilities within the appellant's local commuting area asking if any of them had work available for an employee with the appellant's specific medical restrictions. *Id.* at 17-93. The agency submitted certifications by the appropriate officials stating that the searches did not disclose any available work within the appellant's medical restrictions other than the work assignment she accepted in May 2013. *Id.* at 94-96.

¶4      The administrative judge found the evidence submitted by the agency to be relevant and credible and determined that it showed that the agency had substantially complied with the Board's order to conduct a retroactive search. Initial Decision (ID) at 4. The administrative judge found unpersuasive the appellant's contention that the agency had hired Postal Support Employees (PSEs) to work at the same tasks the appellant had performed prior to April 26, 2012, noting that the timesheets submitted by the appellant did not identify the positions encumbered by the employees in question. ID at 5-6.

¶5      The appellant filed a timely petition for review. Petition for Review (PFR) File, Tab 1. The agency filed a timely response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant has not demonstrated that the "new" evidence she included with her petition for review was unavailable during the regional office proceeding despite her due diligence.</u>

¶6      The appellant attaches several documents to her petition for review that were not included in the record below. The Board will only consider such

evidence if it was unavailable despite the petitioner's due diligence when the record below closed.  5 C.F.R. § 1201.115(d).

¶7        The appellant's Attachment A consists of her written statement describing her understanding of the work schedule and history of another employee (L.B.),[2] and timesheets for L.B. from September 2013 forward.  PFR File, Tab 1 at 10-32. Attachment B consists of the appellant's salary information dating back to 2010, an explanation of her Office of Workers' Compensation Program (OWCP) benefits, and a comparison between the two.  *Id.* at 33-35.  Attachment D purports to be Operation Numbers for the Compliance Forwarding System for fiscal year 2009.  *Id.* at 38.  Attachment E consists of a notice posted on a blog dated June 5, 2011.  *Id.* at 39-40.[3]

¶8        The appellant has made no showing that the documents and information in these attachments were unavailable during the regional office proceeding despite her due diligence.  We note that Attachment A includes a union request for the timesheets in question that was made a week after the initial decision was issued. *See* PFR File, Tab 1 at 11.

Allegations of error.

¶9        The appellant contends that she was improperly placed "off the clock" in July 2010, because the limited duty mark-up work she was doing at that time was still necessary and available.  PFR File, Tab 1 at 6.  Whether the appellant was improperly denied restoration in 2010, is irrelevant to the correct disposition of this petition for enforcement.  The only issue remaining after the Board's July 11, 2013 Final Order was whether there was work available within the appellant's medical restrictions on and after April 26, 2012.  We note that the appellant had filed an earlier appeal in which she challenged the agency's action ending her

---

[2] We are using the employee's initials rather than her full name to protect the employee's privacy.

[3] Attachment C is a legal argument rather than new evidence, and is discussed below.

limited assignment in July 2010, which was withdrawn with prejudice. MSPB Docket No. DA-0353-10-0618-I-1, Initial Decision (Oct. 5, 2010). This precluded the appellant from relitigating the propriety of the agency's action in 2010.

¶10 The appellant contends that the administrative judge did not consider the hiring of PSEs into the mark-up position she had worked for the period from January through May 2013. PFR File, Tab 1 at 4-6. As recounted above, he did consider this argument, but concluded that the timesheets submitted by the appellant did not identify the positions encumbered by the employees in question. ID at 5-6.

¶11 The appellant complains that the agency did not search for work until July 2013. PFR File, Tab 1 at 5. This is not true, in that the agency offered the appellant a modified duty assignment in May 2013, which she accepted. It is true that the agency did not undertake a further search for available work until July 2013, but it was not until July 11, 2013, that the Board issued a final order requiring the agency to conduct such a search.

¶12 The appellant argues that the administrative failed to consider her argument that L.B. was given work in September 2013. PFR File, Tab 1 at 10. We note, first, that this assignment did not occur until after the appellant had already been returned to work in May 2013. In addition, as the agency points out in its response to the petition for review, L.B. did not have all of the medical restrictions that apply to the appellant. PFR File, Tab 3 at 11-12. That the agency provided work to L.B. does not mean that it improperly denied work to the appellant.

¶13 The appellant contends that the administrative judge failed to consider the Board's decision in *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400 (2012). As the agency points out, *Latham* addressed issues related to when the Postal Service may discontinue a modified assignment consisting of tasks within an employee's

medical restrictions.  There was no such issue in this case, as the agency did not discontinue an existing modified duty assignment.  *See* PFR File, Tab 3 at 15.

¶14     The appellant contends that the administrative judge erred in not giving her an award under the Back Pay Act, 5 U.S.C. § 5596, for an unwarranted personnel action.  PFR File, Tab 1 at 6, 36-37.  As the administrative judge found, the Federal Employees Compensation Act prohibits an employee who is awarded OWCP benefits from receiving any other remuneration from the federal government, and the appellant was receiving OWCP benefits for much of the period from April 26, 2012 forward.  *See* ID at 4-5; *see also Hagan v. Department of the Army*, 99 M.S.P.R. 313, ¶ 11 (2005); *Roja v. Department of the Navy*, 55 M.S.P.R. 618, 621 (1992).  As the administrative judge acknowledged, however, this did not constitute a blanket prohibition against any award of back pay to the appellant in this case; she was entitled to an award of back pay *if* the agency's retroactive search uncovered work to which it could have restored her.  ID at 5.  The appellant has not shown entitlement to back pay, as she has not demonstrated error in the administrative judge's finding that the agency conducted a proper retroactive search for work within the appellant's medical restrictions, and that search did not uncover work to which the agency could have restored the appellant.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.